In the Matter of JOHN M. MCGILLICUDDY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 7, 1980

## APPEARANCES OF COUNSEL

*Eileen Courtney* of counsel *(Nicholas C. Cooper,* attorney), for petitioner.

No appearance by respondent.

## OPINION OF THE COURT

*Per Curiam.*

Respondent, admitted to practice in 1952 in the Second Department, maintained his last-known office in this department. According to an office associate, he had his telephone disconnected in mid-February, 1979, left the office, and never returned. The rental agent at his Manhattan residence saw him shortly thereafter for the last time, and he remains in arrears for rent and utility bills. He separated from his wife the previous September, and she has been unable to locate him since. Other than as above set forth, there is no knowledge of respondent's whereabouts. In the described circumstances, an order issued out of this court, on application of the Departmental Disciplinary Committee, for service by publication (Judiciary Law, § 90, subd 6), which has been effected. Pursuant to the same order, the matter was placed upon the committee's calendar, which, through a designated panel, not only recorded respondent's default, but heard witnesses and examined exhibits, and arrived at findings and conclusions. On these bases, the committee has moved for confirmation of the findings and conclusions, for respondent's disbarment, and for appointment of a conservator for protection of the interests of respondent's clients.

The charges against respondent relate to retainers by two clients, and the specified misconduct follows the same pattern in both cases: neglect of the clients' interests, misrepresentations of the status of the proceedings undertaken in behalf of the clients, and abandonment of the clients' causes. Our review of the transcript of the hearing and the exhibits establishes respondent's guilt of these charges. In the first case, respondent was retained in 1977 to prosecute a proceeding against the police department under CPLR article 78. His client paid him $1,700 in three installments. When the petition was dismissed in June, 1977, he filed a notice of appeal but did nothing to perfect it. He falsely told his client twice that the appeal had been postponed, but then disappeared in the circumstances described above, without further communication with his client. He neither arranged for substitution, returned any part of the fee, nor turned back the file, completely abandoning the retainer.

Respondent was retained by another client in December, 1978 for services in connection with an arbitration and an unemployment insurance matter, receiving $2,500 in all from

the client. Respondent performed some service in the arbitration but did not follow through, necessitating the hiring of another attorney to complete the matter. He abandoned this client in the same manner as the other, disappearing without communication, substitution, repayment, or return of the file, all constituting professional misconduct. In the circumstances he should be deemed untrustworthy to the extent that he should not be permitted to handle the important affairs of other persons.

We do not discount the possibility, remote as it may be, that there may be some explanation for respondent's conduct but, should there be, he would be protected by the saving provisions of subdivision 6 of section 90 of the Judiciary Law. However, as matters now stand, it is necessary to proceed to judgment in order to safeguard the public. Accordingly, the motion should be granted, the findings and conclusions confirmed, the respondent disbarred, and a conservator appointed to safeguard the interests of respondent's clients.

KUPFERMAN, J. P., BIRNS, FEIN, SANDLER and MARKEWICH, JJ., concur.

Respondent disbarred from practice as an attorney and counselor at law in the State of New York effective March 7, 1980, and a conservator appointed to safeguard the interests of respondent's clients.